IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTERRA GROUP, LLC, a subsidiary of CONSTELLIS CORPORATION, <br><br>Plaintiff, <br><br>v. <br><br>PROFESSIONAL ASSOCIATION OF COURT SECURITY OFFICERS - SOUTHERN DISTRICT OF TEXAS, <br><br>Defendant. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br>_____ |

## DEFENDANT PROFESSIONAL ASSOCIATION OF COURT SECURITY OFFICERS' NOTICE OF REMOVAL

Defendant PROFESSIONAL ASSOCIATION OF COURT SECURITY OFFICERS ("PACSO" or "Plaintiff") files this, its Notice of Removal under 28 U.S.C. § 1446(a) as follows:

### I. INTRODUCTION.

1. Plaintiff CENTERRA GROUP, LLC, a subsidiary of Constellis Corporation, ("Plaintiff" or "Centerra") sued PACSO to vacate an arbitration award, pursuant to the Federal Arbitration Act ("FAA") and the Labor Management Relations Act ("LMRA"). 29 U.S.C. §185(a) in State District Court. (Plaintiff's Original Petition to Vacate Arbitration Award at pp. 1-2). Plaintiffs' case is filed under Cause No. 2024-74645, in the 269th District Court of Harris County, Texas.

2. Defendant was served with process in this suit on 1 November 2024. Defendant files this notice of removal within the thirty (30) day time period required by 28 U.S.C. §

1

1441(b)(1). ***Board of Regents of Univ. of Texas Sys. V. Nippon Tel. & Tel. Corp***. 478 F.3d 274, 278(5th Cir. 2007).

## II. BASIS FOR REMOVAL.

3. Removal of this case to federal court is proper because Plaintiffs' Original Petition raises a Federal Question. 28 U.S.C. § § 133, 1441(b); ***Richardson v. USWA***, 864 F.2d 1162 (5th Cir. 1989); see also ***Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.***, 545 U.S. 308, 312, 125 S.Ct. 2363, 2366-2367 (2005) (stating that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues").

4. Specifically, Plaintiff's Original Petition to Vacate Arbitration Award states that Plaintiff seeks to "vacate and modify an arbitration award" pursuant to the Federal Arbitration Act ("FAA"). (Plaintiff's Original Petition to Vacate Arbitration Award at ¶6, p. 2). The FAA does not itself give Federal courts subject matter jurisdiction. *See* ***Badgerow v. Walters***, 596 U.S. 1, 11-12,, 142 S.Ct. 1310, 1318 (2022). But there is an independent basis for Federal jurisdiction appearing on the face of the Original Petition, and that will suffice to confer subject matter jurisdiction. *See id*. at 7-8, 142 S.Ct. at 1316; *see also* ***Greenhouse Holdings LLC v. International Union of Painters***, 43 F.4th 628, 630-31 (6th Cir. 2022) (holding, that LMRA can supply an independent basis for jurisdiction in the context of a suit brought under FAA and LMRA to vacate an arbitration award). Just as in ***Greenhouse***, Plaintiffs are seeking to vacate a labor arbitration award entered per a CBA between the parties; and, according to Plaintiffs, "jurisdiction . . . is appropriate pursuant to Section 301(a) of the Labor Management Relations Act. . .as amended, 29 U.S.C. § 185(a). Jurisdiction is also appropriate pursuant to 28 U.S.C. § 1331." (Plaitniffs Original

Petition to Vacate Arbitration Award at ¶ 6, p. 2). As the *Greenhouse* court recognized: "[s]imply put, when a party moves to vacate a labor-arbitration award, the LMRA provides an independent basis for jurisdiction that's clear 'on the face of the [motion to vacate] itself.'" *Greenhouse*, 43 F.4th at 631 (adding brackets and quoting *Badgerow*, 596 U.S. at 9, 142 S.Ct. at 1316).

5.  Additionally, and as Plaintiff is aware, a suit between the same parties, and on the same set of facts, is already pending in the United States District Court for the Southern District of Texas, Houston Division, in Civil Action No. 4:23-cv-01813, ***Professional Association of Court Security Officers – Southern District of Texas v. Centerra Group, LLC, a subsidiary of Constellis Corporation***. On 3 November 2023, Judge Keith P. Ellison entered his Memorandum and Order (Document No. 22) in that case providing, inter alia:

> In sum, the Court determines that parties agreed, pursuant to their CBA, to arbitration, and that the scope of their agreement encompasses the dispute that is now before this Court.
>
> Accordingly, the Court hereby ORDERS as follows:
>
> 1. Plaintiff's Cross-Motion for Summary Judgment is GRANTED IN PART. Defendant is ORDERED to arbitrate the underlying grievance filed on behalf of Powell. However, Plaintiff's request for attorney's fees is DENIED;
>
> 2. Defendant's Motion for Summary Judgment is DENIED;
>
> 3. The case is STAYED pursuant to 9 U.S.C. § 3 pending the completion of arbitration proceedings; and
>
> 4. The Clerk is directed to administratively **CLOSE** this case pending arbitration.
>
> (Memorandum and Order at pp. 11-12).

6.  All pleadings, and all other filings in the State court action, including the docket sheet, together with an index of matters being filed and a list of all counsel of record, including addresses, telephone numbers and parties represented are attached to this notice as required by

28 U.S.C. § 1446(a), and LOCAL RULE 81. Returns of service are not on file in the State court, as of this date.

7. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the removed action has been pending.

8. There are no other Defendants, so consent is not necessary.

9. Plaintiff has not asked for a trial by jury.

10. PACSO will file, contemporaneously with this Notice of Removal, a copy of this Notice of Removal with the clerk of the State court in which this action has been pending.

### III. CONCLUSION.

11. As shown above, Plaintiffs' action is clearly removable from State to Federal Court, based on the existence of a Federal Question.

12. WHEREFORE, PREMISES CONSIDERED, PACSO prays that the above-entitled action now pending against it in the 269th Judicial District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

LAW OFFICES OF PATRICK M. FLYNN, P.C.

s/Patrick M. Flynn
PATRICK M. FLYNN
Texas Bar No. 07199200
1225 North Loop West, Suite 1000
Houston, Texas 77008-1775
(713) 861-6163
(713) 961-5566 (facsimile)
pat@pmfpc.com
**ATTORNEY FOR DEFENDANT
PROFESSIONAL ASSOCIATION OF
COURT SECURITY OFFICERS –
SOUTHERN DISTRICT OF T E X A S**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant Professional Association of Court Security Officers' Notice of Removal*, has been served on all counsel of record (as indicated below), on this the 18th day of November, 2024.

Mr. Ashton P. Hoffman
Jackson Lewis P.C.
717 Texas Avenue, Suite 1700
Houston, Texas 77002
(ashton.hoffman@jacksonlewis.com)
(via CM/ECF)

/s/

/s/Patrick M. Flynn
PATRICK M. FLYNN

5